| | | |
|---|---|---|
| AMERICAN COMMERCIAL BARGE LINE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00069-TWP-DML |
| | ) | |
| DEVIN ANTHONY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANTS MOTION TO DISMISS**
**GRANTING THE PARTIES' ANCILLARY MOTIONS, AND**
**DENYING PLAINTIFFS MOTION FOR SUMMARY JUDGMNT**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) by Defendant Devin Anthony ("Anthony") (Filing No. 17) and a Motion for Summary Judgment filed by Plaintiff American Commercial Barge Line LLC ("ACBL"), (Filing No. 20). Also pending are numerous ancillary Motions filed by both Anthony ACBL to supplement the record concerning the Motion to Dismiss. (Filing No. 29; Filing No. 33; Filing No. 35; Filing No. 37; Filing No. 40; Filing No. 41). ACBL initiated this action seeking a declaratory judgment from the Court as to the merits of a forum selection clause contained in a document entitled "Attending Physician Statement of Functionality" that was signed by Anthony on September 21, 2017. Anthony responded to this lawsuit by filing a Motion to Dismiss, and ACBL replied and filed a Motion for Summary Judgment. For the following reasons, the Court **grants** Anthony's Motion to Dismiss and **grants** the parties' ancillary Motions to supplement the record concerning the Motion to Dismiss. The Court **denies as moot,** ACBL's Motion for Summary Judgment.

# I. BACKGROUND

ACBL is a Delaware limited liability company with its principal place of business located in Jeffersonville, Indiana. As its name suggests, American Commercial Barge Line LLC, provides commercial inland barge transportation solutions for various industries. Anthony lives in Waggaman, Louisiana, and is a citizen of Louisiana. He began employment as a deckhand with ACBL in July 2016. On August 20, 2017, while working as a deckhand, Anthony was walking down an empty barge in order to release a coupling when he slipped on some pebbles and fell from the empty barge to the deck of a loaded barge. This fall resulted in Anthony sustaining bodily injuries (Filing No. 1 at 1–2).

"As a result of his employment with ACBL, following his alleged injury Anthony became eligible to receive pay continuance benefits while on approved medical leave." *Id.* at 2. "In order to enjoy the benefit of post-injury pay continuance benefits, ACBL sent Anthony a form titled 'Attending Physician's Statement of Functionality,' which also requested that he authorize his chosen treating physician to complete a form seeking medical information relating to his diagnosis, treatment, prognosis and working restrictions." *Id.*

On September 21, 2017, Anthony was presented with and signed the "Attending Physician's Statement of Functionality," authorizing his treating physician to complete the enclosed form. *Id.* The caption of the form states: "**This form must be completed to receive disability pay." *Id.* The form also contained a forum selection clause that read:

> I fully authorize release of information on this form by the below named physician for the purpose of claim processing. I agree to fully cooperate and participate in all medically directed treatment, as necessary. Failure to do so could result in loss of the pay continuance benefit offered to me by ACBL. **I further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the**

**subject of my leave of absence from work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.**

(Filing No. 1-1 at 2.) (emphasis added).

In October 2017, because he was concerned about his injury and his rights to short-term and long-term disability benefits, Anthony retained counsel. His counsel began communicating with ACBL, its attorneys, and its insurance claims handler regarding Anthony's injury and his entitlement to benefits. During their communications, the forum selection clause contained within the medical release authorization form was raised. The parties began arguing over the applicability and validity of the forum selection clause (Filing No. 25 at 15–17).

In "an e-mail dated April 3, 2018, the attorney representing Anthony disputed the validity and/or enforceability of the forum selection clause at issue, and indicated that if ACBL continued to take the position that the subject clause is enforceable, Anthony 'would need to file a lawsuit soon.'" (Filing No. 1 at 3.)

Two weeks later, on April 17, 2018, ACBL filed a Complaint initiating this action. ACBL seeks a declaratory judgment regarding "the rights and obligations of the parties under that certain Attending Physician's Statement of Functionality, . . . which contained a forum selection clause." *Id.* at 1. The Complaint concludes,

> WHEREFORE, Plaintiff American Commercial Barge Line LLC prays for judgment in its favor declaring that the forum selection clause contained in the Attending Physician's Statement of Functionality, which was signed by Defendant Devin Anthony post-injury, be deemed valid and enforceable, and for all general and equitable relief to which ACBL may be shown entitled.

*Id.* at 3–4.

Rather than answer the Complaint, Anthony filed a Motion to Dismiss, arguing that this Court lacks personal jurisdiction over him, and additionally, the Complaint fails to state a claim

upon which relief can be granted. ACBL responded to the Motion to Dismiss and on the same day filed a Motion for Summary Judgment, asserting that the undisputed facts show it is entitled to judgment on the validity of the forum selection clause.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint where there is a "lack of personal jurisdiction" over the defendant. Fed. R. Civ. P. 12(b)(2). When deciding a 12(b)(2) motion, the Court accepts the factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff if they weigh on the issue of personal jurisdiction. *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). But where a complaint consists of conclusory allegations unsupported by factual assertions, the complaint fails even under the liberal standard of Rule 12(b). *Id.*

When considering a motion to dismiss for lack of personal jurisdiction, the Court examines the sufficiency of the complaint, not the merits of the lawsuit. *Id.* The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss the action under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Medical Group*, 149 F. Supp. 2d at 623.

The level of the plaintiff's burden to show personal jurisdiction depends on whether an evidentiary hearing has been held. *Purdue Research*, 338 F.3d at 782. Where a hearing has been conducted, the plaintiff must show by a preponderance of the evidence that personal jurisdiction

exists.  *Id.*  Where no hearing is conducted and the motion to dismiss is decided solely on written materials, the plaintiff must establish a *prima facie* case that personal jurisdiction exists.  *Id.*

"If jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, the law requires a federal district court to determine if a court of the state in which it sits would have personal jurisdiction."[1] *Annie Oakley Enters. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 886 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990)).  Indiana Trial Rule 4.4(A), Indiana's long-arm statute, governs personal jurisdiction in Indiana.  "Although Rule 4.4(A) enumerates eight bases for the assertion of jurisdiction on the basis of a defendant's actions, the rule also includes a provision that 'a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'"  *Id.* (internal citation omitted).  Thus, a court has personal jurisdiction to the limit allowed by the Federal Due Process Clause of the Fourteenth Amendment.  *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966–67 (Ind. 2006).

For a court to have personal jurisdiction over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

Under federal due process standards, personal jurisdiction can be either specific or general.  *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990).  "If the defendant's

---

[1] Neither the federal declaratory judgment statute nor the federal admiralty statute authorizes nationwide service of process. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 n.6 (7th Cir. 2010); *Speedster Motorcars of Cent. Fla., Inc. v. Ospeck*, 2004 U.S. Dist. LEXIS 24279, at *9 n.2 (S.D. Ind. Oct. 6, 2004); *Am. Intercontinental Univ., Inc. v. Am. Univ.*, 2017 U.S. Dist. LEXIS 128563, at *7 (N.D. Ill. Aug. 14, 2017); *Rullman v. Celotex Corp.*, 1987 U.S. Dist. LEXIS 11186, at *4 (E.D. Pa. Dec. 3, 1987). Therefore, determining personal jurisdiction in this case is governed by Indiana law.

contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction." *LinkAmerica*, 857 N.E.2d at 967. "If the defendant's contacts with the forum state are not 'continuous and systematic,' specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* "Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *Id.*

In other words, specific jurisdiction exists when a defendant has deliberately directed its activities toward the forum's residents, and the cause of action results from alleged injuries that arise out of or relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In *Burger King*, the Supreme Court explained the "constitutional touchstone" of "minimum contacts" for personal jurisdiction:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 474–76 (internal citations, quotation marks, and footnote omitted).

### III.  DISCUSSION

Anthony asks the Court to dismiss this action, asserting this Court lacks personal jurisdiction over him, and additionally, the Complaint fails to state a claim upon which relief can be granted.  ACBL asks the Court for summary judgment, asserting that the undisputed facts show it is entitled to judgment on the validity of the forum selection clause.  Each party has filed ancillary Motions to supplement the record concerning the Motion to Dismiss.  The Court will first address the ancillary Motions and then turn to the Motion to Dismiss.  Because of the Court's ruling on the Motion to Dismiss, the Court will not address the Motion for Summary Judgment, and that Motion is **denied as moot**.

### A.  Motions to Supplement the Record

The parties filed numerous ancillary Motions to supplement the record concerning the Motion to Dismiss.  These Motions address subsequent developments in the parties' dispute that have occurred after the Motion to Dismiss was fully briefed.  The Motion to Dismiss was fully briefed on August 10, 2018, when Anthony filed his reply brief (Filing No. 25).  Approximately two weeks later, on August 23, 2018, Anthony filed a "Seaman's Petition for Damages, Unseaworthiness, Maintenance and Cure and Related State Law Claims," to pursue claims against ACBL and its insurer before statutes of limitation had expired (Filing No. 29-3).

The ancillary Motions now pending before this Court simply apprise the Court of the subsequent developments, which include Anthony's filing of a state court case against ACBL, ACBL's request to stay that state court action until this action is resolved, and the state court's denial of the requested stay as well as the appellate court's denial of a stay.  The ancillary Motions simply inform the Court of ongoing developments in the state court action and do not attempt to provide additional or duplicative arguments to the already fully briefed Motion to Dismiss.

Accordingly, Plaintiff's Motion for Leave to File Supplemental Memorandum in Support of its Response in Opposition to Defendant's Motion to Dismiss (Filing No. 29); Defendants Motion for Leave to File Supplemental Brief in Support, (Filing No. 33); Defendants Motion for Leave to File Supplemental Brief Providing New Information in Support of Motion to Dismiss (Filing No. 35); Plaintiff's Motion for Leave to File Second Supplemental Memorandum in Support of its Response in Opposition to Defendant's Motion to Dismiss (Filing No. 37); Plaintiff's Motion For Leave to File Notice of Supplemental Authority (Filing No. 40); and Defendant's Motion for Leave to File a Second Supplemental Brief Providing New Information in Support of Motion to Dismiss (Filing No. 41) are each **granted**.

B.    **Motion to Dismiss**

The parties provide extensive argument concerning the requirement of an "actual controversy" between parties before a federal district court may entertain a claim for declaratory judgment. The parties argue at length whether an actual dispute or actual controversy existed between the them before ACBL filed its declaratory judgment action in this Court. Anthony asserts that no dispute existed between the parties; rather, only a hypothetical controversy existed, and the Court should not exercise jurisdiction to issue an advisory opinion. On the other hand, ACBL argues that an actual, concrete dispute existed between the parties concerning the applicability and validity of the forum selection clause, and thus, the Court can consider the request for declaratory judgment.

The parties also argue the issue of whether the Court has personal jurisdiction over Anthony. Anthony argues that a defendant is subject to a federal court's general jurisdiction when the defendant has continuous and systematic contacts with the forum state, and "'[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's

domicile.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (U.S. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Anthony's domicile is Louisiana, and he asserts, "Devin Anthony has never been to Indiana and there is no allegation that Mr. Anthony has any 'continuous and systematic' contact with the State of Indiana sufficient to support *general* jurisdiction." (Filing No. 18 at 10.)

ACBL did not respond to or dispute Anthony's argument concerning general jurisdiction. Anthony's position concerning general jurisdiction is well-taken, and in light of ACBL's own allegations in its Complaint—"Defendant, Anthony, is a . . . resident and domiciliary of the Parish of Jefferson, State of Louisiana" (Filing No. 1 at 1)—the Court concludes that general jurisdiction does not exist over Anthony.

Anthony further asserts that, in order for a court to exercise specific jurisdiction, the lawsuit must "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780. The relevant contacts are those that center on the relationship among the defendant, the forum, and the litigation. The plaintiff cannot be the only link between the defendant and the forum. Anthony argues that no contacts exist to support specific jurisdiction:

> None of the interactions between ACBL and Devin Anthony have any connection whatsoever to Indiana. Devin did not create any contacts with Indiana. Mr. Anthony resides in Louisiana and was solely employed by ACBL in Louisiana. He was working in Louisiana with a Louisiana work crew when he was injured upon a vessel in Louisiana waters. He has been treated by physicians in Louisiana, the purported disability information was provided to Mr. Anthony in Louisiana as a benefit of his employment, and the pay continuance program was initiated and subsequently revoked by Mr. Anthony in Louisiana. The purported forum selection clause buried in a "Physician's Statement of Functionality" is the only mention of Indiana. Again, Mr. Anthony formally revoked the pay continuation form, in writing, as provided for and in accordance with the pay continuance documents themselves.

(Filing No. 18 at 11.)

ACBL responds that dismissal under Rule 12(b)(2) is warranted only when it appears to a certainty that a plaintiff can establish no basis for personal jurisdiction. ACBL argues it can establish personal jurisdiction because Anthony signed the "Attending Physician's Statement of Functionality," "wherein he agreed to file any claim or lawsuit against ACBL relating to the incident that gave rise to his injury in the United States District Court for the Southern District of Indiana, New Albany Division." (Filing No. 19 at 2.) ACBL further argues,

> Because this forum selection clause indicates express consent to waive personal jurisdiction, Anthony's signature ratifying the clause effectively waived any future challenges to personal jurisdiction. Although there is an underlying factual dispute over the validity and enforceability of this forum selection clause, for purposes of determining whether dismissal under Rule 12(b)(2) is warranted, all such factual disputes must be resolved in ACBL's favor.

*Id.*

Before turning to its analysis of the parties' arguments, the Court points out some legal standards applicable to its decision. The Seventh Circuit has explained,

> Although in Steel Co. the Supreme Court mandated that issues of jurisdiction precede a determination of the merits, the Supreme Court has consistently held that there is no mandatory sequencing of jurisdictional issues. Indeed, a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits. For example, the Supreme Court has approved of addressing personal jurisdiction before subject-matter jurisdiction.

*In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) (internal citations and quotation marks omitted). Because the Court concludes that the issue of personal jurisdiction is determinative of this case, it begins with that issue, without then moving on to the parties' Rule 12(b)(6) arguments.

Furthermore, as another district court in this Circuit explained,

> [T]he plaintiffs have not cited, and the court has been unable to locate, any authority supporting the proposition that it can exercise jurisdiction over a defendant where the events supporting jurisdiction occurred after the complaint was filed. In other words, jurisdiction attaches (or does not attach) as of the time that an action is filed. . . . [C]ontacts occurring after the filing of the complaint go beyond the period

involved in the complaint and are thus jurisdictionally irrelevant. . . . [J]urisdiction
must exist at the time that a suit is filed.

*United Phosphorus Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 910 (N.D. Ill. 1999) (citing

*Metropolitan Life Ins. v. Robertson–Ceco Corp.,* 84 F.3d 560, 569–70 (2d Cir.1996)).

Accordingly, the Court determines that it should consider the question of personal jurisdiction at

the time ACBL filed its Complaint to initiate this action.

  With regards to specific jurisdiction and the contacts among the defendant, the forum, and

the litigation, Anthony is correct in that there are no contacts among him, Indiana, and this lawsuit

that could create specific jurisdiction. Anthony is domiciled in Louisiana and has never been to

Indiana. He was employed by ACBL in Louisiana. He was working in Louisiana with a Louisiana

work crew when he was injured on a barge in Louisiana waters. He has been treated for his injuries

by physicians in Louisiana. The disability information was provided to Anthony in Louisiana.

Anthony signed the "Attending Physician's Statement of Functionality" document in Louisiana.

ACBL does not dispute any of these facts. With no contacts that could create specific jurisdiction

in Indiana over Anthony, ACBL can avoid dismissal for lack of jurisdiction only through the forum

selection clause.

  As noted earlier, the forum selection clause reads:

  I further agree that in the event I file a claim or lawsuit against ACBL relating to
the pay continuance program and/or the incident giving rise to the illness and/or
injury that is the subject of my leave of absence from work, such suit will only be
filed in the U.S. District Court for the Southern District of Indiana, New Albany
Division and I will make no effort to have such lawsuit or claim transferred or
moved to any other court.

([Filing No. 1-1 at 2](#).)

  The plain language of the forum selection clause indicates that it applies when the injured

party (in this case, Anthony) files a claim or lawsuit against ACBL. In such a case, the injured

party agrees to bring the lawsuit in the United States District Court for the Southern District of Indiana, New Albany Division.  Here, however, Anthony did not file a claim or lawsuit against ACBL; rather, ACBL filed the instant lawsuit against Anthony.  Thus, the forum selection clause does not apply to this case, and it cannot help ACBL avoid dismissal for lack of personal jurisdiction over Anthony.

ACBL points to four orders from other courts that have considered the issue of the validity and enforceability of ACBL's forum selection clause, and those four courts concluded that the forum selection clause was enforceable and transferred the cases to this federal district.  However, each of those cases involved an injured party suing ACBL, thereby implicating the forum selection clause and distinguishing those cases from this case.

In making its determination, the Court is not considering or deciding the parties' "underlying factual dispute over the *validity* and *enforceability* of this forum selection clause."  Rather, the Court concludes that the forum selection clause is not *applicable in this case* because *Anthony* did not "file a claim or lawsuit against ACBL."  The validity and enforceability of the forum selection clause and whether a lawsuit should be transferred to this federal district are questions to be answered in the first instance by the state court where Anthony has filed a lawsuit against ACBL.

The Court acknowledges that Anthony subsequently filed an action against ACBL in a Louisiana state court after the Motion to Dismiss was fully briefed.  However, this Court must consider personal jurisdiction at the time this lawsuit was initiated by ACBL.  For the reasons explained above, the Court concludes that it lacks personal jurisdiction over Anthony.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Anthony's Motion to Dismiss ([Filing

No. 17) and **GRANTS** the following Motions to Supplement the Record: Plaintiff's Motion for Leave to File Supplemental Memorandum in Support of its Response in Opposition to Defendant's Motion to Dismiss (Filing No. 29);  Defendants Motion for Leave to File Supplemental Brief in Support, (Filing No. 33);  Defendants Motion for Leave to File Supplemental Brief Providing New Information in Support of Motion to Dismiss (Filing No. 35); Plaintiff's Motion for Leave to File Second Supplemental Memorandum in Support of its Response in Opposition to Defendant's Motion to Dismiss (Filing No. 37); Plaintiff's Motion For Leave to File Notice of Supplemental Authority (Filing No. 40); and Defendant's Motion for Leave to File a Second Supplemental Brief Providing New Information in Support of Motion to Dismiss (Filing No. 41) are each **granted**.

ACBL's Motion for Summary Judgment is **DENIED as moot** (Filing No. 20).

This action is **DISMISSED for lack of jurisdiction**.

Final judgment will issue under separate order.


**SO ORDERED.**

Date:  9/20/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank J. Towers
BLUE WILLIAMS, LLP
ftowers@bluewilliams.com

John W. Woodard, Jr.
WYATT TARRANT & COMBS LLP
jwoodard@wyattfirm.com

Scott A. Soule
BLUE WILLIAMS, LLP
ssoule@bluewilliams.com

Stephen M. Chouest
THE CHOUEST LAW FIRM
steve@metairie.com

J. Rand Smith, Jr.
THE CHOUEST LAW FIRM
jay@metairie.com